# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| DANIELLE NICOLE HARDIN,<br><br>                          Plaintiff,<br>vs.<br><br>BRP CONSTRUCTION, INC. and ROGER T, STEWART, Jr.<br><br>                         Defendants. | Civil Action No.: 3:25-cv-13719-SAL<br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

Upon information and belief, Plaintiff, respectfully, alleges and will show that:

1. Plaintiff, Danielle Nicole Hardin, is a citizen and resident of Kershaw County, South Carolina.

2. Defendant, Roger T. Stewart, is a citizen and resident of Richmond County, North Carolina, and was so at the time of this wreck.

3. Once served with process, Defendant Roger T. Stewart (hereinafter "Defendant Stewart" or "Stewart") is subject to the jurisdiction and venue of this Court.

4. Defendant BRP Construction, Inc, is a foreign corporation with a principal place of business in Fayetteville, North Carolina. Defendant BRP Construction, Inc. is operating under a DOT number 600391 with the U.S. Department of Transportation Federal Motor Carrier Safety Administration and has appointed a registered agent for service of process, Registered Agent Solutions, Inc., 176 Mine Lake Court, Ste. 100, Raleigh, NC 2715. Once served with process, Defendant BRP Construction, Inc. is subject to the jurisdiction and venue of this Court.

5. At all times material to the motor vehicle collision which forms the basis of this action, Defendant BRP Construction, Inc, is an interstate construction company authorized to operate in the State of South Carolina for profit pursuant to one or more permits to operate by the Interstate

Commerce Commission, or by the United States Department of Transportation, or both. At the time of the acts and omissions complained of, BRP Construction, Inc. declared to the Federal Motor Carrier Safety Administration that it employed seventy-five (75) drivers and operated seventy-five (75) vehicles.

6. Defendant Stewart drove the truck that forms the basis of this action.

7. Pursuant to 28 U.S.C. § 1332, this court has jurisdiction based on complete diversity of citizenship of the parties and based upon the amount in controversy exceeding $75,000.00.

8. Pursuant to 28 U.S.C. § 1391 and Local Civil Rule 3.01(A)(1), venue is proper in the Columbia Division of the United States District Court, District of South Carolina, as a substantial part of the events giving rise to this lawsuit occurred in Kershaw County.

**FACTS**

9. On December 20, 2022, at approximately 1:45 p.m., Plaintiff was driving a 2023 Kia bearing South Carolina license plate VDP 210. Plaintiff had been traveling North on US 1 and had just completed a right turn onto Ratcliff Street, in Bethune, Kershaw County, South Carolina.

10. On the same date and time, Defendant Stewart drove a commercial construction truck owned and maintained by Defendant BRP Construction Inc., bearing North Carolina License tag KW1900. He was also traveling North on US 1.

11. Defendant Stewart was not paying attention and was traveling too fast for conditions when he realized that the Plaintiff was making the right turn onto Ratcliff Street. Defendant Stewart could not stop his vehicle in time to avoid hitting the Plaintiff. He drove his vehicle off the roadway and onto Ratcliff Street where he struck the rear passenger side of the Plaintiff's vehicle.

12. At all times material hereto, Defendant Stewart was an employee or agent of Defendant BRP Construction, Inc. acting within the scope and course of his employment or agency.

13.     Defendant BRP Construction, Inc. is liable for the negligent actions and omissions of Defendant Stewart pursuant to the doctrine of *respondeat superior* and the rules of agency.

## FOR A FIRST CAUSE OF ACTION
## NEGLIGENCE OF ROGER T. STEWART, Jr.

14.     Plaintiff incorporates herein by reference the allegations of the previous paragraphs of this Complaint as if each were fully set forth herein in their entirety.

15.     At all times material hereto, Defendant Stewart was driving a commercial construction truck for Defendant BRP Construction, Inc.  He was subject to South Carolina traffic laws.

16.     Plaintiff Stewart drove the commercial truck with express or implied consent of the Defendant BRP Construction, Inc.

17.     Defendant Stewart was negligent in the operation of the truck he was driving in at least the following ways:

- a.     In driving too fast for conditions;
- b.     In choosing to pay attention to something other than his driving;
- c.     In failure to maintain a proper and diligent lookout;
- d.     In failing to yield the right of way;
- e.     In failing to timely and safely apply his brakes, if any he had;
- f.     In failing to take evasive action so as to avoid crashing into Plaintiff;
- g,     In failure to maintain control of his vehicle;
- h,     In failing to blow his horn to warn Plaintiff;
- i.     In failing to use that degree of care and caution that a reasonably prudent person would have used under the same or similar circumstances;
- j.     In driving his vehicle in utter disregard of the rights and safety of others, including Plaintiff; and
- k.     In such other particulars as discovery in the case and the evidence at trial may show.

18. As a direct and proximate result of the negligence of Defendant Stewart, Plaintiff Hardin suffered great physical harm and injuries to her neck, shoulder, back, and to other body parts, which have caused and in the future will cause Plaintiff to undergo physical pain, suffering, mental anguish, emotional distress, and permanent impairment of health and bodily efficiency; furthermore, her injuries have caused and in the future will cause Plaintiff to have to spend money for medical services and to lose money in the nature of wages or earnings.

19. Defendant Stewart is liable to for all damages allowed by law for the injuries, damages, and losses sustained by Plaintiff in this case.

## FOR A SECOND CAUSE OF ACTION
(**Negligent Retention**)

20. Plaintiff incorporates herein by reference the allegations of all preceding paragraphs of this Compliant as if each were fully set forth herein in their entirety.

21. Defendant BRP Construction, Inc. (hereinafter "Defendant BRP") directed, supervised, and controlled its employees or agents responsible for driving employer owned vehicles.

22. Defendant BRP owed a duty to the public and the Plaintiff to hire personnel and employees who were appropriately trained and qualified to act as drivers for Defendant BRP.

23. Defendant BRP breached that duty by hiring personnel and employees who were not adequately trained and were not qualified to safely drive and protect the public, including Plaintiff.

24. Defendant BRP had a duty to comply with South Carolina law, regulations and/or industry standards with respect to the retention of its employees and/or agents, including but not limited to the drivers of their company vehicles.

25. Defendant BRP breached that duty by failing to adequately investigate the background, driving records, and ability of its employees to drive, specifically employee Stewart, before hiring and retaining him in order to determine whether or not he was trained, legally qualified, and competent to drive company vehicles for Defendant BRP.

26. At all times relevant, Defendant Stewart was an employee or agent of Defendant BRP and was acting within the course and scope of his employment or agency.

27. Defendant BRP owed a duty to Plaintiff and other drivers to provide training to its employees and/or drivers.

28. Defendant BRP breached that duty by failing to provide appropriate training to its employees, including employee Stewart, regarding the proper and safe operation of a motor vehicle.

29. As a result of Defendant BRP's breach of duty, the Plaintiff was injured when employee driver Stewart crashed into her vehicle.

30. The acts and omissions of Defendant BRP were reckless, willful, wanton, and showed blatant disregard for the safety of the Plaintiff and other drivers on the roadway.

31. The acts, omissions, conduct, and behavior of Defendant BRP caused Plaintiff to suffer injuries and damages as set forth herein.

32. Upon information and belief, Defendant BRP violated its duties of care to Plaintiff and others on the public roadways and were careless, negligent, grossly negligent, reckless, and/or willful in committing acts and/or omissions in the following ways:

    a. In failing to properly screen employee Stewart before hiring him;

    b. In hiring and retaining an unqualified and unsafe employee;

    c. In hiring and retaining an unqualified and unsafe driver as an employee;

    d. In failing to properly train employee Stewart as a driver so that he was equipped to operate a vehicle properly and safely so as to prevent needless injuries to members of the public using the roadways;

    e. In failing to properly direct and supervise employee Stewart;

    f. In failing to have in place adequate policies and procedures to mandate compliance with State statutes, laws, and regulations, if such policies and procedures were in place, and in failing to enforce them;

    g. In failing to exercise the degree of care and caution that a reasonable and prudent entity would have exercised under the same and similar circumstances; and

    h. In such other particulars that may be discovered and/or shown in discovery in the case and/or by evidence at trial.

33. As a direct and proximate result of the negligent, grossly negligent, careless, reckless, willful and wanton acts and/or omissions of the Defendant BRP, through its agents, servants and/or employees, the Plaintiff suffered severe bodily injuries.

34. That due to and as a result of the Defendant BRP's negligence, gross negligence, and recklessness, including but not limited to negligent hiring, negligent training, and negligent retention of the Defendant BRP's employees and/or agents, who were acting or omitted from acting, within the course and scope of their employment, Plaintiff suffered severe bodily injuries.

## FOR A THIRD CAUSE OF ACTION
(**Negligent Supervision**)

35. Plaintiff incorporates herein by reference the allegations of all preceding paragraphs of this Compliant as if each were fully set forth herein in their entirety.

36. Defendant BRP owed a duty to the Plaintiff and others to supervise its personnel and employees and determine if these persons were appropriately trained and adequate to act as drivers and not to allow these personnel to place the Plaintiff and others at risk of being injured.

37. Defendant BRP breached that duty by failing to supervise their personnel and

employees who were unqualified to drive and cause the acts described in this Complaint and the Defendant BRP had knowledge that these persons were likely incompetent drivers and Defendant BRP failed to remedy the situation.

38. Defendant BRP had a duty to supervise its drivers so that they did not pose an unreasonably dangerous risk to others, including Plaintiff, on the roadway.

39. Defendant BRP breached that duty by failing to provide the necessary supervision of employee driver Stewart in the following ways:

   a. In providing its vehicle, or one in which it had control or ownership, to employee Stewart;

   b. In permitting employee Stewart to drive its vehicle while displaying its logo for the purpose of furthering its business and/or financial gain;

   c. In permitting employee Stewart to drive its vehicle when it knew or should have known that he was an inexperienced, careless, unsafe and/or unskilled driver;

   d. In failing to take all reasonable steps to ensure that the driver to whom it was providing a vehicle for use was a safe, experienced, skilled driver who would drive with due care, attention to traffic, and obey all traffic laws;

   e. In failing to properly train employee Stewart to operate the vehicle involved in this wreck;

   f. In failing to have in place an adequate safety program for the safety and protection of the public;

   g. In negligently entrusting its vehicle to the custody, control, and use of employee Stewart without properly and adequately checking his qualifications and ability to safely drive its vehicle and/or ensure his safe operation of its vehicle; and

   h. In such other particulars that may be discovered and/or shown in discovery in the case and/or by evidence at trial.

40. Defendant BRP knew or should have known that its personnel and employees were unqualified drivers and Defendant BRP failed to properly supervise its personnel and employees to prevent such employees from driving and endangering the public.

41. As a direct and proximate result of the negligent, grossly negligent, careless, reckless, willful, and wanton acts and/or omissions of the Defendant BRP, through its agents, servants and/or employees, the Plaintiff suffered severe bodily injuries.

## **DAMAGES**

42. Plaintiff incorporates the allegations of the preceding paragraphs of this Complaint as if each were set forth fully herein in their entirety.

43. Each of the Defendants acted in a manner which either alone or combined and concurring with the actions of the other Defendants acts of negligence, directly and proximately caused the collision and the resulting injuries of Plaintiff Hardin.

44. Plaintiff Hardin is entitled to recover, as a direct and proximate result of the actions and omissions of these Defendants, expenses incurred, medical expenses, and lost wages.

**WHEREFORE,** Plaintiff prays that the following relief be granted:

(a) For a trial by jury;

(b) For judgment against the Defendants, jointly and severally, to compensate Plaintiff Hardin for her pain and suffering, past, present, and future;

(c) For all such other economic and non-economic losses as may be shown at the trial of this matter to the full extent allowed under law;

(d) For Plaintiff Hardin to obtain judgment against the Defendants in an amount determined to be fair and reasonable in the minds of a fair and impartial jury;

(e) For punitive damages to be recovered in an amount the jury believes to be just, fair and equitable, given the facts and issues in this case;

(f) For Court costs, discretionary costs, and prejudgment interest; and

(g) For all such further and general relief which this Court deems just and proper.

*(Signature page to follow)*

**MCWHIRTER, BELLINGER & ASSOCIATES, P.A**

s/<u>J.C. Nicholson, III</u>
J.C. Nicholson, III
Federal Bar No. 9171
119 East Main Street
Lexington, South Carolina 29072
Main Line: 803-359-5523
jc@mbalaw.com
*Attorneys for the Plaintiff*

December 4, 2025

Lexington, South Carolina